UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA *ex rel.*
SEAN GOSE as Personal Representative
of the Estate of Dennis Gose, and
BRENT BERRY,

    Plaintiffs,

v.

Case No. 8:16-cv-03411-KKM-AEP

NATIVE AMERICAN SERVICES
CORPORATION, and GREAT
AMERICAN INSURANCE GROUP,
INC.,

    Defendants.
_____

## ORDER

    Relator Sean Gose, as the personal representative of the estate of Dennis Gose, and Relator Brent Berry, bring this False Claims Act action against defendants Native American Services Corporation and Great American Insurance Group, Inc. *See* Compl. (Doc. 1). The relators allege that the defendants "undertook a deceptive and fraudulent scheme" to receive set-aside contracts and task orders under a Small Business Administration veteran program. *Id.* ¶ 1. The relators move to stay the case pending the appeal in *United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, No. 8:19-cv-01236-KKM-SPF, 2024 WL 4349242 (M.D. Fla. Sept. 30, 2024), at the Eleventh Circuit Court of Appeals. Mot. to Stay (Doc. 114). For the reasons explained below, the relators' motion to stay is denied.

    A district court has broad discretion to stay proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket

with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In exercising that broad discretion, a district court may grant a motion to stay proceedings upon a showing of good cause and reasonableness. *See Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997); *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Accordingly, the proponents of a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255. The Eleventh Circuit has "repeatedly held that a stay order which is 'immoderate' and involves a 'protracted and indefinite period' of delay is impermissible." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1172 (11th Cir. 2007) (quoting *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1523–24 (11th Cir. 1984)); *see Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1265 (11th Cir. 2000) (vacating a stay pending the outcome of litigation in a different forum because it "seem[ed] indefinite").

The relators argue that a stay will "conserve the time and resources of the parties and the Court," since "[i]f the Eleventh Circuit reverses in *Zafirov*. . . briefing a decision on Defendants' pending motion. . . will have been a pointless waste of the Court's time." Mot. to Stay. ¶ 7. But the length of the stay, as the defendants point out, is of "uncertain duration." Resp. 16. Another protracted period of uncertain delay is particularly problematic in this case, which has been pending for over eight years and has already been appealed to the Eleventh Circuit and remanded. *See* (Docs. 105, 108, & 109). And the relators do not offer much by way of prejudice. True, they will need to respond to the pending motion for

2

judgment on the pleadings, but (like the defendants) the relators will benefit significantly from the briefing already prepared by other parties in *Zafirov*.

Therefore, although a stay might be warranted in other qui tam actions pending the appeal in *Zafirov*, a stay is not appropriate here where the defendants oppose it, the relators do not make out "a clear case of hardship or inequity," and the procedural history counsels against another lengthy delay. *Landis*, 299 U.S. at 255.

Accordingly, the following is **ORDERED**:

1. Relators' Motion to Stay (Doc. 114) is **DENIED**.
2. The Clerk is directed to **REOPEN** the case.
3. The Relators are directed to respond to the Defendants' Motion for Judgment on the Pleadings (Doc. 113) no later than **January 3, 2025**.

**ORDERED** in Tampa, Florida, on December 20, 2024.

Kathryn Kimball Mizelle
United States District Judge